UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REHKEMPER & SONS, INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:21-CV-00380-SEP |
| | ) |
| MID-RIVERS DEVELOPMENT AND | ) |
| CONSTRUCTION LLC, | ) |
| | ) |
|    Defendant. | ) |

### MEMORANDUM AND ORDER

Before the Court is Mid-Rivers Development and Construction LLC's Motion for Leave to Join Additional Party and File its Counterclaim and Crossclaim under Federal Rules of Civil Procedure 13 and 19. Doc. 12. No opposition has been filed, and the deadline for doing so has now passed; therefore, it is ripe for disposition.

Rule 19(a)(1)(A) states: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among the existing parties . . . ." Mid-Rivers claims that it entered into the contract that is the subject of Rehkemper's Complaint, in large part, due to representations made by James Datema, an individual who was acting on behalf of Rehkemper during contract negotiations. Doc. 13 at 2. Mid-Rivers argues that, given his role in the underlying contract negotiations, Datema is a necessary party to this action and must be joined under Federal Rule of Civil Procedure 19(a). Specifically, in Datema's absence, Mid-Rivers argues that the Court cannot accord complete relief among the existing parties. *See* Fed. R. Civ. Proc. 19(a)(1)(A). The addition of Datema would not destroy subject matter jurisdiction; according to Mid-Rivers, Datema is a citizen of Illinois and thus diverse from Mid-Rivers, a citizen of Florida. Doc. 12-1 ¶¶ 1, 3.

Mid-Rivers also requests leave to assert compulsory counterclaims against Rehkemper pursuant to Federal Rule of Civil Procedure 13. Doc. 13 at 3. Rule 13(a)(1)(A)-(B) states: "A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim arises out of the transaction

1

or occurrence that is the subject matter of the opposing party's claim and does not require adding another party over whom the court cannot acquire jurisdiction." Mid-Rivers states that its counterclaims arise out of the same transaction or occurrence as the Complaint, and it would be deprived of its right to bring the claim in a separate action if leave is not granted here. *Id.*

The deadline in the Case Management Order for joinder of additional parties or amendment of pleadings was October 29, 2021. Doc. 10.[1] Mid-Rivers timely filed this Motion on October 29th. Doc. 12. On November 12, 2021, Rehkemper filed a Motion for Extension of Time, requesting an additional seven days to respond to this Motion. Doc. 14. The Court granted Rehkemper's request for additional time and moved the deadline to November 19th. Doc. 15. Notwithstanding its request for additional time, Rehkemper did not file a response, and as the time to do so has long passed, the Court considers the Motion to be unopposed.

## Conclusion

Mid-Rivers's Motion is timely, well justified, and unopposed.

Accordingly,

**IT IS HEREBY ORDERED** that Mid-Rivers's Motion for Leave to Join Additional Party and File its Counterclaim and Crossclaim, Doc. [12], is **GRANTED.**

Dated this 5th day of January, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] The Case Management Order has since been amended, *see* Doc. 19, but the relevant deadline remained unchanged.