UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REHKEMPER & SONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00380-SEP |
| | ) |
| MID-RIVERS DEVELOPMENT | ) |
| AND CONSTRUCTION, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court are the Motion in Limine to Exclude Mid-Rivers's Non-Retained Expert Testimony, Doc, [50], and the Motion to Bifurcate filed by Plaintiff Rehkemper & Sons, Inc., and Crossclaim Defendant James Datema, Doc. [69].  For the reasons set forth below, the Court grants the former and denies the latter.

This case involves a dispute between subcontractor Rehkemper and developer Mid-Rivers over the construction of a 67 million dollar apartment complex in St. Charles, Missouri.[1] On January 31, 2023, the Court denied summary judgment for Rehkemper on its claim for declaratory judgment and Mid-Rivers's counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent inducement.[2]  Doc. [67].  Those claims remain set for a jury trial on May 22, 2023, as the motion to bifurcate is denied for the reasons set forth below.

Rehkemper seeks to exclude four of Mid-Rivers's witnesses—James N. Gordon, Neal Gordon, Drake Gordon, and Brandon Kohler—from offering expert testimony at trial about "general industry customs and standards relating to development and construction on the type of project at issue . . . [and] project scheduling."  *Id.* at 1.  Those witnesses are all employees of

---

[1] James Datema, a corporate representative for Rehkemper, is also named as a crossclaim defendant in Count IV of the counterclaim.  Datema joins in all of Rehkemper's motions, so for ease of reference the Court uses "Rehkemper" to refer to Rehkemper and Datema.

[2] The Court granted Rehkemper's unopposed motion for summary judgment on Count III of the counterclaim (promissory estoppel).  *See* Doc. [67].

Mid-Rivers and offer fact testimony relevant to the issues before the Court, in addition to offering non-retained expert testimony.[3]

Rehkemper does not object to those witnesses offering fact testimony regarding "their own understanding of provisions in the [agreements] and their own expectations deriving therefrom," Doc. [59] at 6, but argues that they should not be permitted to offer expert testimony because they are not qualified to render expert opinions on those subjects. In addition, Rehkemper contends that the opinions should be excluded under Federal Rule of Civil Procedure 37(c)(1) because Mid-Rivers failed to properly disclose their non-retained expert opinions under Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(C).

Mid-Rivers does not object to the exclusion of expert testimony from Drake and Neal Gordon, so the motion is granted as to those witnesses. As for Brandon Kohler and James Gordon, the Court concludes that they may not offer expert testimony because they were not properly disclosed as non-retained experts in accordance with the Federal Rules of Civil Procedure. However, they may still testify as fact witnesses, and the nature and extent of that testimony may well touch upon the same subject matters, albeit in the context of their personal experiences and observations rather than as non-retained experts. During trial, the parties should be prepared to raise any potential issues regarding the scope of their testimony prior to its proffer. The parties may make any necessary record and the Court may rule on the permissible parameters of any expected testimony outside the presence of the jury.

## BACKGROUND

Mid-Rivers disclosed its non-retained expert witnesses as follows:

> **B. Non-Retained Expert Witnesses**
>
> **The following individuals may testify regarding observations, knowledge, finding, opinions and other information regarding the allegations contained in this case, the execution of the contract at issue between the parties, the execution of an additional related contract between the parties and its relation to the original contract, delivery of the materials pursuant to the contract, and general industry customs and standards relating to development and construction on the type of project at issue, the project in general, project scheduling, delays caused by plaintiff's breach, supplier contract, and supplier subcontracting:**

---

[3] These witnesses are considered non-retained experts because they have not been "retained or specially employed to provide expert testimony in the case" and they have not been identified as employees whose duties "regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

2

1. **James N. Gordon;**
2. **Neal Gordon;**
3. **Drake Gordon;**
4. **Brandon Kohler; [and]**
5. **Roger Sandfort.**

Doc. [50-1].  Rehkemper does not seek to exclude expert testimony from Roger Sandfort, who is also an employee of Mid-Rivers, and its time for doing so has expired.[4]  Doc. [19].

During James Gordon's deposition, Rehkemper's counsel questioned him about information he might have regarding the "general industry customs and standards relating to the development and construction on the type of project at issue."  Doc. [50-5] at 6.  Gordon responded that he had "the set of plans" for the project, and that Rehkemper "can't deliver something that's out of the ordinary.  You know, it needs to stay within what's the norm, you know, for what they're delivering."  Doc. [50-5] at 6-7.  He denied having any other information relevant to the topic.  Doc. [50-5] at 7.

Neither party provided the Court with complete copies of the deposition transcripts of James Gordon or Brandon Kohler, so the Court is unable to determine whether one or both witnesses actually offered "expert opinions" on any issues during their depositions, including general industry customs and standards relating to development and construction on the type of project at issue or project scheduling.  However, in its Response to the Motion in Limine, Doc. [53], Mid-Rivers argues that Mr. Kohler and Mr. Gordon are both qualified by their experience in the construction industry to give testimony about these issues.[5]  Mid-Rivers does not address the issue of the adequacy of their non-retained expert witness disclosure in its response.

DISCUSSION

**I.      Motion to Exclude**

Federal Rule of Civil Procedure 26(a) requires litigants to make certain disclosures about expert witnesses.  Subsection (a)(2) governs the disclosure of witnesses that may be used to present expert testimony at trial, requiring that "a party must disclose to the other parties the

---

[4] The amended Case Management Order for this case required any motions to exclude expert testimony to be filed by June 17, 2022.  Doc. [19].

[5] A witness may be qualified as an expert "by knowledge, skill, experiences, training, or education . . . ." Fed. R. Evid. 702.

identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). For non-retained experts such as Mr. Kohler and Mr. Gordon, the rule also requires Mid-Rivers to disclose "the subject matter on which the witness is expected to present" expert opinion testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

When a party fails to comply with the disclosure requirements in Rule 26(a), Rule 37(c)(1) provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Although the Court may consider additional or alternative sanctions upon a party's motion, *see* Fed. R. Civ. P. 37(c)(1), Mid-Rivers has failed to request a lesser or alternative sanction. As previously stated, Mid-Rivers fails to even address the adequacy of its expert disclosure in its response. *See* Doc. [53].

Mid-Rivers's non-retained expert disclosure fails to comply with the requirements of Rule 26(a)(2)(C) because it contains no summary of the facts and opinions to which the witness is expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C). Without any argument from Mid-Rivers, the Court cannot conclude that its failure to comply with the disclosure requirements was either "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). On the limited record before the Court, Mid-Rivers's failure was not harmless, as the one witness who was questioned about his disclosed area of expertise on "general industry customs and practices" stated that he had no relevant information on the topic other than the set of plans for the project and his belief that Rehkemper could not deliver something "out of the ordinary."[6] Doc. [50-5] at 6-7. It would be unduly prejudicial to Rehkemper under these circumstances to permit Mr. Gordon or Mr. Kohler to testify as an expert at trial without first providing a proper expert disclosure so that the substance and basis of their opinions could be fully explored during the discovery process. That is particularly true where Mr. Gordon seems either unprepared to offer expert testimony or unaware of his corresponding obligations with respect to such designation.

Mid-Rivers offers no justification for its inadequate disclosure, nor does it argue that its failure to comply with Rule 26(a)(2)(C) was harmless or that a lesser sanction should be

---

[6] Without complete deposition transcripts or any argument from Mid-Rivers addressing this issue, the Court cannot conclude that the prejudice from the inadequate disclosure was cured through subsequent questioning by counsel or clarification by the witness.

imposed.  "It is the obligation of the party facing sanctions for belated disclosure [or inadequate disclosure] to show that its failure to comply with the Rule was deserving of some lesser sanction."  *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702-03 (8th Cir. 2018) (cleaned up).

The Court concludes that the appropriate sanction for Mid-Rivers's failure to properly disclose its non-retained experts is to exclude the expert testimony from trial.  In evaluating the propriety of that sanction, the Court has considered that those witnesses may still testify as fact witnesses, and as explained above, that testimony may include the same topics identified in the expert disclosures.  They simply cannot opine on those matters to the jury as expert witnesses.[7]  Moreover, Mid-Rivers identified an additional non-retained expert on those same subjects whose testimony Rehkemper does not seek to exclude.  Mid-Rivers can present Mr. Sandfort's expert testimony to the jury on those issues, thereby ameliorating the severity of the sanction caused by its disclosure violation.

## II.   Motion to Bifurcate

Rehkemper seeks to bifurcate the declaratory judgment trial from the trial on Mid-Rivers's counterclaims because it challenges the existence of an enforceable contract, while all of Mid-Rivers's counterclaims depend on the existence of a valid contract.  Doc. [69].  According to Rehkemper, the jury would be confused by those competing versions of the evidence and the introduction of evidence regarding Mid-Rivers's alleged damages.  *Id.*  Mid-Rivers opposes bifurcation.  Doc. [75].

Under Federal Rule of Civil Procedure 42(b), the Court has discretion to order separate trials on the claims and counterclaims "for convenience, to avoid prejudice, or to expedite and economize."  Separate trials are not warranted here, as the issues involved in this case are relatively straightforward.  The jury is capable of deciding whether a contract was created, and if so, whether it was breached, and any resulting damages, in one trial.  Presenting those claims in one trial rather than two will not prejudice Rehkemper and will streamline the judicial proceedings for the Court and the parties.  Thus, the motion to bifurcate is denied.

Accordingly,

---

[7] Any potential objections or disagreements as to the scope of their expected testimony should be raised, if at all possible, prior to the introduction of the testimony so that issues of admissibility may be resolved outside the presence of the jury.

**IT IS HEREBY ORDERED** that Rehkemper's Motion in Limine to Exclude Mid-Rivers's Non-Retained Expert Testimony, Doc. [50], is **GRANTED**.

**IT IS FURTHER ORDERED** that Rehkemper's Motion to Bifurcate, Doc. [69], is **DENIED**.

Dated this 29th day of March, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE